United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOTU T. OSOTONU,<br>　　　　　Plaintiff,<br>　　v.<br>DANIEL P. LICHAU,<br>　　　　　Defendant. | Case No. 17-cv-02437-PJH<br><br>**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE THE CASE**<br><br>Re: Dkt. No. 25 |

Plaintiff, a detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. The court ordered service and defendant has filed an answer.

**DISCUSSION**

Plaintiff alleges that defendant police officer Lichau used excessive force during an arrest. Plaintiff seeks monetary and injunctive relief. Plaintiff is currently in custody awaiting trial on the criminal charges from the underlying incident in this case.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.

In *Wallace v. Kato*, 549 U.S. 384, 393 (2007), the Court held that the "*Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that

has not been . . . invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id.* at 391-93 (quoting *Heck*, 512 U.S. at 486-87). The *Heck* rule delays accrual only if there is an existing conviction on the date the statute of limitations begins to run, which in the case of wrongful arrest or wrongful imprisonment claims is when the plaintiff's confinement is no longer without legal process, but rather becomes a confinement pursuant to legal process – that is, for example, when he or she is bound over by a magistrate or arraigned on charges. *Id.* at 389-90. The Court stated that the contention that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" goes "well beyond *Heck*" and rejected it. *Id.* at 393 (italics in original). Although the Court was only considering when the statute of limitations began running on a false arrest/false imprisonment claim, the discussion quoted suggests that *Heck* does not apply if there is no extant conviction – for instance, if plaintiff has only been arrested or charged.

If a plaintiff files a § 1983 false arrest claim before he or she is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Id.* at 393-94. If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed. *Id.* at 394.

The parties have filed a joint stipulation to stay this case pending the outcome of plaintiff's criminal case. A review of the filings in this case demonstrates that a stay is appropriate.

**CONCLUSION**

1. Defendant Quigley is **DIMSISSED** with prejudice from this action because plaintiff declined to file a second amended complaint with allegations against this individual.

2. The joint motion to stay (Docket No. 25) is **GRANTED** and this action is **STAYED**. Within **twenty-eight (28) days** of the date on which plaintiff is acquitted,

2

convicted, or charges are dismissed, plaintiff or defendant may file a motion to lift the stay. If plaintiff is convicted and if the claim would impugn that conviction, the action will be dismissed; otherwise, his claim may then proceed. In light of the stay, plaintiff should not file any more documents in this action until the state court proceedings have concluded. The clerk shall **ADMINISTRATIVELY CLOSE** the case.

**IT IS SO ORDERED.**

Dated: June 14, 2018

PHYLLIS J. HAMILTON
United States District Judge

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA | |
| LOTU T. OSOTONU,<br>    Plaintiff,<br>v.<br>DANIEL P. LICHAU,<br>    Defendant. | Case No. 17-cv-02437-PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 14, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lotu T. Osotonu
#199300469
1125 3rd Street
Napa, CA 94559


Dated: June 14, 2018

                                      Susan Y. Soong
                                      Clerk, United States District Court

                                      By:_____
                                      Kelly Collins, Deputy Clerk to the
                                      Honorable PHYLLIS J. HAMILTON