UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| LOTU T. OSOTONU, | Case No. 17-cv-02437-PJH |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| DANIEL P. LICHAU, | Re: Dkt. No. 35 |
| Defendant. | |

This is a civil rights case brought pro se by a former detainee under 42 U.S.C. § 1983. His claims arise from an arrest in the city of American Canyon. Plaintiff alleges that the defendant police officer unlawfully detained, searched and arrested him and used excessive force. Defendant has filed a motion for summary judgment stating this action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and, in the alternative, that plaintiff's claims fail as a matter of law and that defendant is entitled to qualified immunity. Plaintiff is no longer in the custody of the county jail, has failed to update the court with his address, and has failed to file an opposition. Regardless, the court has looked to the merits of the motion, and for the reasons set forth below, the motion is granted.

**DISCUSSION**

**A. Summary Judgment Standard**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a

reasonable jury to return a verdict for the nonmoving party. *Id.*

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial. *Id.* If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins. *Id*. The court must regard as true the opposing party's evidence, if supported by affidavits or other evidentiary material. *Celotex*, 477 U.S. at 324; *Eisenberg v. Ins. Co. of N. Am.*, 815 F.2d 1285, 1289 (9th Cir. 1987). The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Intel Corp. v. Hartford Accident & Indem. Co.*, 952 F.2d 1551, 1559 (9th Cir. 1991).

### *B.     Heck v. Humphrey*

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.

### C.     **Fourth Amendment Standard**

The Fourth Amendment proscribes "unreasonable searches and seizures." U.S. Const. amend. IV; *Allen v. City of Portland*, 73 F.3d 232, 235 (9th Cir. 1995). The ultimate test of reasonableness requires the court to balance the governmental interest

2

that justifies the intrusion and the level of intrusion into the privacy of the individual. *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1496 (9th Cir. 1996). State law is irrelevant in this calculus. *See Virginia v. Moore*, 553 U.S. 164, 172 (2008) (no 4th Amendment violation where arrest was based on probable cause but state law called for issuance of a citation rather than arrest).

In order to claim the protection of the Fourth Amendment, one "must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable; *i.e.*, one that has 'a source outside of the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society.'" *Minnesota v. Carter*, 525 U.S. 83, 88 (1998) (*Rakas v. Illinois*, 439 U.S. 128, 143-44 (1978))).

The Fourth Amendment requires that an arrest be supported by probable cause. *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001); *Michigan v. Summers*, 452 U.S. 692, 700 (1981) (an arrest is unlawful unless there is probable cause to support it). A claim of unlawful arrest is cognizable under § 1983 for violation of the Fourth Amendment's prohibition against unreasonable search and seizure if the allegation is that the arrest was without probable cause or other justification. *See Pierson v. Ray*, 386 U.S. 547, 555-58 (1967); *Yousefian v. City of Glendale*, 779 F.3d 1010, 1014, n.1. (9th Cir. 2015) (absence of probable cause is essential element of § 1983 false arrest claim). Officers may rely on unlawfully obtained evidence to defend themselves against a constitutional tort action for false arrest. *Lingo v. City of Salem*, 832 F.3d 953, 957 (9th Cir. 2016) (finding officers had probable cause to arrest plaintiff when they smelled marijuana coming from her home even where the original search was unlawful).

An allegation of the use of excessive force by a law enforcement officer in effectuating an arrest states a valid claim under 42 U.S.C. § 1983. *See Rutherford v. City of Berkeley*, 780 F.2d 1444, 1447 (9th Cir. 1986), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989). Excessive force claims that arise in the context of an arrest or investigatory stop of a free citizen are analyzed under the Fourth Amendment

3

reasonableness standard.  *See Graham*, 490 U.S. at 394-95.

**D.    Facts**

The following facts are undisputed except where indicated otherwise:[1]
On the evening of March 3, 2017, defendant Deputy Lichau was assigned to patrol the city of American Canyon.  Motion for Summary Judgment ("MSJ"), Lichau Decl. ¶ 2. Defendant was in full uniform driving a marked police car.  *Id.*  Defendant observed plaintiff and another individual seated in a parked car ("the parked car" with the driver's door open, inside the parking lot of a Safeway).  *Id.* ¶¶ 2-3.   Defendant parked the police car and approached the parked car on foot when he noticed that the steering column of the parked car was dismantled and exposed wires were showing.  *Id.*  ¶ 3.  Based on defendant's training and experience he suspected the car was stolen.  *Id.*  Defendant also detected a strong odor of alcohol coming from the car and noticed that plaintiff's eyes were bloodshot and watery.  *Id.*  Based on defendant's training and experience, this is an objective sign of intoxication.  *Id.*  Defendant also noticed that the passenger window was broken, which furthered his suspicion that the car was stolen.  *Id.*

Defendant spoke with plaintiff and the passenger and asked for plaintiff's driver's license.  Video 1 (Docket No. 36) at 00:16-00:31; RJN at 139.[2]  Plaintiff stated his driver's license was suspended following an accident.  *Id.*; RJN at 139-40.  Defendant asked who the car belonged to.  Plaintiff stated that he "sort of bought it," while the passenger stated, "sort of but not for sure."  *Id.* at 00:50-01:00; RJN at 140.  Defendant asked if plaintiff had insurance; plaintiff denied that he had any.  *Id.* at 03:58-04:04; RJN at 143.  Plaintiff also admitted he had recently been arrested for driving under the influence.  *Id.* at 04:55-05:39; RJN at 144.  Plaintiff also admitted to smoking marijuana approximately five hours before driving.  *Id.* at 05:39-06:40; RJN at 145.  Police dispatch confirmed that plaintiff's

---

[1] The court has also viewed video footage of the arrest from defendant's body camera and reviewed the transcript of the video.  Docket No. 36; Request for Judicial Notice ("RJN") Ex. 1 at 139-48.
[2] The court takes judicial notice of these public records.  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

4

1 driver's license was suspended. Lichau Decl. ¶ 5.

2 Defendant asked plaintiff to get out of the vehicle and whether plaintiff had any
3 weapons on him. Video 1 06:45-07:07; RJN at 146. Plaintiff stated, "I have something of
4 hers [the passenger]". *Id.*; RJN at RJN at 146. Defendant patted down plaintiff and felt a
5 hard metal object in plaintiff's left breast pocket. Lichau Decl. ¶ 5. Defendant asked what
6 it was, and plaintiff stated it was his "twenty-two." *Id.*; RJN at 146. Defendant retrieved a
7 loaded .25 caliber firearm from plaintiff and then handcuffed plaintiff. Lichau Decl. at ¶¶
8 5-6. Defendant also recovered hydrocodone pills, methamphetamine and additional
9 ammunition for the firearm. *Id.* At no point in the interaction did plaintiff complain of
10 severe pain in his wrists or that the handcuffs were too tight.

11 Plaintiff was charged for possessing the gun and the drugs. RJN, Ex. 1 at 192-96.
12 Plaintiff later pled no contest to illegally possessing the gun and drugs. *Id.* at 41-44. He
13 was sentenced to prison for six years. *Id.* at 4.

**E. Analysis**

***Heck***

Plaintiff pled no contest to possessing the gun and the drugs stemming from his search and arrest. This civil rights action calls into question the validity of the search and arrest. Because the conviction has not been reversed or invalidated, plaintiff cannot proceed. This action is barred by *Heck*.

**Fourth Amendment**

Even if this action was not barred by *Heck*, a review of the merits shows that defendant is entitled to summary judgment. Defendant has presented an abundance of evidence demonstrating that the search and arrest were supported by probable cause. Plaintiff has not opposed the motion or presented any arguments in response to it. Defendant observed plaintiff in a parked car with the door open and with wires hanging out of a damaged steering column and a broken window. Plaintiff and his passenger had no proof of ownership and admitted that they were not sure if they owned the car. Plaintiff also admitted he had a suspended license, no proof of insurance, and that he

had been smoking marijuana before driving.  Suspecting that the car was stolen, defendant acted reasonably in patting down plaintiff and handcuffing him after feeling and then finding the gun.  Plaintiff has failed to demonstrate there is a genuine issue for trial with respect to the search and arrest.

Furthermore, a review of the video of the arrest does not show any incidents of excessive force or plaintiff in obvious distress due to tight handcuffs that would set forth a constitutional claim.  While plaintiff presented allegations of excessive force in his verified complaint, he has not addressed the video footage that was presented with the motion for summary judgment and which contradicts his claim.  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380-83 (2007) (police officer entitled to summary judgment based on qualified immunity in light of video evidence capturing plaintiff's reckless driving in attempting to evade capture which utterly discredits plaintiff's claim that there was little or no actual threat to innocent bystanders).  For all these reasons defendant is entitled to summary judgment on the merits.

**Qualified Immunity**

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The rule of "qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'"  *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).  Defendants can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation.  *Id.* at 205.  A court considering a claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a

6

reasonable officer that his conduct was unlawful in the situation he confronted. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (overruling the sequence of the two-part test that required determining a deprivation first and then deciding whether such right was clearly established, as required by *Saucier*). The court may exercise its discretion in deciding which prong to address first, in light of the particular circumstances of each case. *Pearson*, 555 U.S. at 236.

The court has not found a constitutional violation, and, even if there was a violation, defendant would be entitled to qualified immunity. It would not be clear to a reasonable police officer that searching and arresting the plaintiff based on the evidence described above would violate the law. Defendant is entitled to qualified immunity.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment (Docket No. 35) is **GRANTED**. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 13, 2019

PHYLLIS J. HAMILTON
United States District Judge